[No. 19895.  Department Two.  August 26, 1926.]

THE STATE OF WASHINGTON, *Respondent,*

v. HENRY POOL, *Appellant.*[1]

[1] CRIMINAL LAW (451)—APPEAL—HARMLESS ERROR—ARGUMENT AND CONDUCT OF COUNSEL. It is not prejudicial error for the prose-cuting attorney, in his argument to the jury, to refer to the fact that at the end of the state's case, the defendant's counsel con-cluded that the state had made out a case and for that reason had put in the defendant's case.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered December 16, 1925, upon a trial and conviction of the unlawful pos-session of intoxicating liquor. Affirmed.

*Samuel P. Weaver* and *Ross C. Fisher,* for appellant.
*Joseph H. Johnston,* for respondent.

TOLMAN, C. J.—Appellant was tried and convicted upon the charge of having intoxicating liquor in his possession and, having been twice previously convicted upon similar charges, was given a penitentiary sen-tence.

Appealing, he makes but two assignments of error: First, prejudicial statements by the prosecuting attor-ney in his argument to the jury; and second, that the

[1]Reported in 248 Pac. 434.

evidence was insufficient to sustain the verdict and a new trial should have been granted.

All that the record discloses as a basis for the first assignment is the following:

"MR. WEAVER: We object to that statement, that the giving of that testimony, by the defendant, is an admission on his part. In order to make the record complete, the argument, as I understand the argument that was made by the prosecuting attorney, is that when the state closed its case that I, myself, being a very bright and very smart attorney, concluded that they had proved their case, and that for that reason I then put in the defendant's case. The objection is that that is prejudice to the defendant, and I desire to except to it at this time.

"THE COURT: It is very hard to draw the line of demarcation as to just how far an attorney can go or where he must stop, but you have your opportunity, Mr. Weaver, of replying to this sort of an argument, and the jury are the ones to consider the argument and the testimony as well. The objection is overruled.

"Defendant excepted."

[1] Assuming that that occurred which counsel by his objection says occurred, it amounts to no more than the statement that, at the close of the state's case, counsel for the defense concluded that evidence had been produced sufficient to take the case to the jury and had failed to make the usual motion. This would be a misstatement of the record, for we find that, at the close of the state's case, a motion for an instructed verdict was made, but whether in the presence of the jury or not, the record fails to show. If made in the presence of the jury, the jury knew that the prosecutor was mistaken; if not so made, the jury knew the case was being submitted to it; and so submitted because either no such motion was made, or because the court had denied such a motion. In either event, we can see no prejudice to the appellant. In his brief and argument,

counsel for appellant takes a position not borne out by the record made by his objection, and of course, that being outside of the record, we can not now consider it.

In oral argument, much was said to the effect that in this case a harmless farmer, whose only fault was a weakness for strong drink, is being sent to the penitentiary solely because he pandered to his own appetite. That, too, is beside the question. The law is as the legislature made it, presumably for sufficient reasons; but, being willing to prevent an injustice, if possible, we have given most careful consideration to the evidence and can only conclude that it is ample to sustain the verdict. It seems unnecessary to set forth the evidence in detail, as no two cases are alike on the facts; but it is sufficient to say that our reports are filled with cases where the evidence was less convincing, and, except for a lack of testimony that the possession was for the purpose of unlawful sale, in fact, we see nothing to be specially noted.

The judgment appealed from is affirmed.

Mitchell, Mackintosh, Parker, and Askren, JJ., concur.